### PEOPLE *ex rel.* SOER *v.* CRANE.

(*Supreme Court, General Term, Second Department.* February 10, 1890.)

**MILITIA—FINES—COURT-MARTIAL.**

Under Military Code N. Y. § 113, (Laws N. Y. 1883, c. 299,) which provides that a summons notifying a private to appear before the delinquency court may be served by mail, directed to his residence or place of business, a return by the officer serving a summons, stating that it had been directed to the private's "residence or usual place of business," without stating that the postage had been prepaid, gives the court no jurisdiction of his person.

On *certiorari.*

Augustus F. Soer, a private in Company K, fourteenth regiment of the National Guards, was fined $13.25 by a regimental court-martial for non-attendance at company drills and for non-payment of company dues. He then sued out a writ of *certiorari* against Austin O. Crane, the president of the court-martial. Military Code N. Y. § 113, (Laws 1883, c. 299,) provides for the appointment, by the president of the delinquency court, of a non-commissioned officer whose duty it shall be to summon delinquents to appear before the court, "which service shall be personal, or by leaving such summons at the residence or usual place of business, or in towns or cities in which there is a postal delivery by addressing it to [the delinquent] through the mail, directed to his place of residence or usual place of business."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John J. Leary,* for relator. *Wakeman & Campbell,* for respondent.

BARNARD, P. J. The relator is an enlisted private in Company K, fourteenth regiment New York State National Guards. He was returned as delinquent at drill, and for company dues. A court was appointed to try him for the offense, and he was fined both for delinquency at drill and for non-payment of company dues. The court got no jurisdiction of the person of the relator. Courts for the trial of military offenses were provided for by Laws 1883, c. 299. There is some confusion by reason of the different designations of the military courts. There were three of them, termed in the act courts of inquiry, general courts-martial, and delinquency courts. Delinquency courts were again divided, and courts for the trial of delinquency of

officers are differently constituted from courts for the trial of privates. Section 104 of the act of 1883 required a copy of the charges to be served on the alleged delinquent five days before trial. This was not done. Laws 1886, c. 412, amended this section by leaving out the clause requiring notice of the charges to be served, so that under this section the proceedings would be regular if no other similar provision has been substituted. By section 114 of the act of 1883 no one could be tried before general courts-martial unless a copy of the charges were served, and a copy of the order from the court, at least 10 days before the court met. By Laws 1888, c. 332, the legislature amended this section by striking out the word "general," and thus providing that no one could be tried before a court-martial unless a copy of the charges were served in advance of the hearing. Unless the legislature intended this section, as amended, to reach all courts under the Military Code, enlisted men have no notice of the charges against them. Section 113 of the Laws of 1883 requires a summons, but nothing else, and no time was given; the summons might be forthwith. It is in accordance with the rules of justice and the uniform course of legislation to afford every facility to an accused person to prepare for his defense, if he has one. If this section applies to all courts, as the preceding section 113 did in terms, the case is defective. The service of the summons was not properly proven. It could be served by mail in cities where there was a postal delivery, directed to the defendant's place of residence or place of business as appears by roster. The returns state that the marshal served the papers by mail, addressed to one of those places. The return does not show that the postage was prepaid. It will be assumed that in a great city like Brooklyn there is a postal delivery, but the papers should make a case of regular service. The return does not aid the matter in this respect. That specifies one or another address, without stating which, and is a return of facts outside of the return of the marshal. Judgment should be reversed, with $50 costs.

DYKMAN, J., concurs.

PRATT, J., (*concurring.*) The return shows that, upon default of appearance and answer, Soer was sentenced to pay a fine; but it does not appear that any proof was offered of the delinquencies of which he was found guilty. The return is also defective, in not containing the order of the commanding officer approving the sentence. The by-laws are not shown to provide a penalty for their violation. For these defects the proceedings must be reversed, but without costs.